IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PEDRO ALVARADO,

    Plaintiff,

v.                                                CASE NO. 4:09-cv-00316-MP-WCS

LOURDES CARRERO, DARLENE LUMPKIN, CIRAJ MANOCHA, WALTER MCNEIL, SHIELDS,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 71, Report and Recommendation of the Magistrate Judge which recommends that the defendants' motion for summary judgment be granted. The Plaintiff filed an objection, Doc. 77, which the Court has reviewed. After a de novo review of the objected-to portions of the Report and Recommendation, the Court concludes that summary judgment is proper.

In his amended complaint, Doc. 12, Plaintiff asserts seven claims of deliberate indifference to his medical needs in violation of the Eighth Amendment. Specifically, he claims that his dental care, including the provision of dentures to him, was so insufficient that it constituted a violation of the Eighth Amendment. As the Magistrate Judge notes, however, to prove such a claim, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) ... conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999).

Here, the record shows a long history of timely and responsive medical and dental

treatment of Plaintiff. Far from disregarding the condition of Plaintiff, it is undisputed that the dental staff repeatedly worked with the Plaintiff to attempt to get a better fit for his dentures. Even if this were medical malpractice, such a claim does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). As the Magistrate Judge points out, "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

For these reasons, summary judgment is appropriate on all of Plaintiff's claims, and it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Summary judgment on all claims is granted on behalf of the Defendants.

3. The Clerk is directed to close this file.

**DONE AND ORDERED** this *18th* day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge